**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Pendarvis and Lawton Drew, Respondents,

v.

South Carolina Law Enforcement Division and South Carolina Department of Agriculture, Defendants,

Of which South Carolina Law Enforcement Division is the Appellant.

Appellate Case No. 2019-002006

———————

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-143
Heard February 15, 2023 – Filed April 5, 2023
Withdrawn, Substituted, and Refiled May 24, 2023

———————

**AFFIRMED**

———————

Joel Steve Hughes, of The Law Office of Kenneth E. Berger, LLC; and Andrew F. Lindemann, of Lindemann Law Firm, P.A., both of Columbia, for Appellant.

C. Bradley Hutto, of Williams & Williams, of Orangeburg; and Patrick James McLaughlin, of Wukela

Law Office, of Florence, for Respondents.

**PER CURIAM:**  The South Carolina Law Enforcement Division (SLED) appeals the circuit court's order granting a preliminary injunction that allowed John Pendarvis and Lawton Drew (collectively, Respondents) to harvest and sell a crop of hemp.  SLED asserts the circuit court erred because (1) the preliminary injunction failed to maintain the status quo or balance the parties' equities, (2) the crop was contraband per se, (3) the facts as pled did not support granting the preliminary injunction, and (4) the circuit court refused to enforce a portion of the participation agreement between Pendarvis and the South Carolina Department of Agriculture (SCDA) that permitted SLED to destroy noncompliant crops.  We affirm.

On September 26, 2019, the circuit court issued an Ex Parte Temporary Restraining Order and Preliminary Injunction that "temporarily restrained and preliminarily enjoined" SLED and SCDA from entering onto Drew's property to destroy the contested crop.  Following a hearing, the circuit court issued an order on November 8, 2019 that left the temporary restraining order and preliminary injunction in place until the pending litigation's resolution.[1]  The circuit court's order also authorized Respondents to "exercise reasonable and necessary farming practices" to harvest and sell the hemp crop and required any proceeds to be held in trust until the litigation's resolution.  Respondents have harvested but not sold the crop.[2]

The circuit court did not abuse its discretion in granting the preliminary injunction. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Curtis v. State*, 345 S.C. 557, 569, 549 S.E.2d 591, 597 (2001) ("The sole object of a temporary injunction is to preserve the subject of the controversy in its condition at the time of the order until opportunity is offered for full and deliberate trial investigation."); *Compton v. S.C. Dep't of Corr.*, 392 S.C. 361, 366,

---

[1] The underlying litigation revolves around whether Respondents violated the participation agreement.  This appeal deals solely with whether the circuit court erred in granting the injunction that held that litigation in abeyance.

[2] At oral argument, counsel had several opportunities to state that the crop had not been sold as authorized by the injunction.  Our previous opinion dismissed this appeal as moot because the crop had been sold.  Once that opinion was filed, counsel informed the court that the crop had in fact not been sold.  We substitute this opinion in light of that clarification.

709 S.E.2d 639, 642 (2011) ("The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm to the party requesting it."); *Id.* (noting that a party seeking a preliminary injunction must establish "(1) he will suffer immediate, irreparable harm without the injunction; (2) he has a likelihood of success on the merits; and (3) he has no adequate remedy at law.").

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**